Littleton, Judge,
joins in the foregoing dissenting opinion.
FINDINGS OF FACT
The court having considered the evidence, the report of Commissioner Paul H. McMurray, and the briefs and argument of counsel, makes the following findings of fact:
1. On April 22, 1942, the defendant filed a petition in condemnation and a declaration of taking in the action entitled United States of America v. Certain Parcels of Land in the County of Cuyahoga, State of Ohio, and Peter Frank, et al., Civil No. 21234, in the United States District Court for the Northern District of Ohio. The action was filed to acquire the land in the City of Euclid, County of Cuyahoga, described in the petition and declaration of taking for the purpose of providing housing in connection with national defense activities. The petition stated that the estate or interest which defendant sought to acquire in the land was “the fee simple absolute discharged of all liens, encumbrances, charges, claims, restrictions, and covenants whatsoever; * * The declaration of taking stated that “The estate taken for said public use is the full fee simple title in and to said lands.” When the declaration of taking was filed, the defendant deposited in the registry of the court the amount estimated to be just compensation for all interests in the land. The declaration of taking described 13 parcels of land, and the total amount deposited in the registry of the court, as *441 just compensation for all of the parcels was $73,516.00. The amount deposited as just compensation for parcel 2 was $21,450.00, and the amount deposited for parcel 3 was $13,450.00. On April 23,1942, the court entered a decree on the declaration of taking determining that the title to the land in fee simple absolute was vested in the United States. The decree was recorded in the land records of Cuyahoga County on May 4,1942, in Yol. 5439, p. 243.
2. Neither the State of Ohio, County of Cuyahoga, nor any official of the state or county was formally named as a party in Civil Case 21234, although they had full knowledge of the condemnation proceedings.
The officials of Cuyahoga County, Ohio, had actual knowledge of the pendency of the condemnation suit involved in this action. In 1942 the County Treasurer’s office furnished the attorneys, representing The United States, tax bills for the land involved in this litigation. The United States disputed the amount the County was claiming. As a result of this controversy over the validity and the correct amount due, a Mr. A. F. O’Neil, who was handling the matter for the defendant, urged the Auditor, the County Prosecutor, the Board of County Commissioners, the Treasurer and a representative of the State Tax Commission to come into the condemnation proceedings and to set up their interest in the property, but to no avail. An action to recover the taxes was first asserted by the County of Cuyahoga in its petition filed in this Court on April 13, 1953. This was more than ten (10) years after the County had actual knowledge of the pendency of the condemnation proceedings.
3. The persons named in the declaration of taking as the owners of parcel 2 were Ermino and Antonio DeFranco and Matilda Marino; the persons named as the owners of parcel 3 were Frank M. Fertig and Freda Fertig. Answers were filed in this case claiming that the values of parcels 2 and 3 were greater than the Government’s estimated values, the amounts which had been deposited in the registry of the court for parcels 2 and 3.
4. On April 22, 1942, there were delinquent taxes, special assessments and penalties on parcels 2 and 3 which were liens on the land as follows:

*442

Taxes and special assessments for tbe tax year 1942 were a lien on April 22, 1942, but tbe amounts were unknown at that time. Tbe amounts were subsequently ascertained to be $1,840.00 as to parcel 2 and $1,015.89 as to parcel 3. In addition, there were special assessments which were a lien on the land for the full amount of the assessments when levied, but payable in annual installments after 1942. These were as follows:

5. The amounts due for special assessments on parcels 2 and 8 for 1945 and subsequent years were paid directly to the City of Euclid by the clerk of the district court from the amounts deposited as estimated just compensation for those tracts pursuant to an order for distribution filed November 29, 1945. The other taxes, penalties and special assessments were not paid from the amounts deposited in the registry of the court or otherwise.
6. All taxes, penalties and special assessments which were a lien on the land on April 22,1942, were paid to the County of Cuyahoga or the City of Euclid as to all parcels included in civil case No. 21234, except as to parcels 2,3 and 5. Partial payment of the amounts which were liens on parcels 2, 3 and 5 were paid by the clerk of the court to the County or to the City of Euclid from the funds on deposit in the registry of the court. The following payments were made from the funds on deposit in the registry:
*443 (1) Under a final judgment and order of distribution filed November 20,1942, the County Treasurer was paid $3.37 for taxes on parcel 10.
(2) Under a final judgment and order of distribution filed November 30,1942, the County Treasurer was paid $3,907.60 for taxes on parcel 5.
(3) Under an order for distribution filed February 10, 1944, the County Treasurer was paid $231.27 and the City -of Euclid was paid $483.73 for special assessments on parcel •5. Subsequently, the County and the City returned the -checks for these amounts for the reason that they did not represent full payment and the County and City would not -accept partial payment. The checks were re-deposited in the registry of the court.
(4) Under an order for distribution filed February 10, 1944, the County Treasurer was paid $14.74 for taxes on parcel 9.
(5) Under an order for distribution filed July 31, 1945, the County Treasurer was paid the following for taxes:
Parcel 1_. $7,160.31
Parcel 4_ Parcel 6_. Parcel 8_. 1, 532.87 4,376. 78 8, 864.26
Parcel 10. 3.94
Total-- $21,938.16
(6) Under an order for distribution filed July 26, 1946, the County Treasurer was paid $5,582.31 for taxes on parcels 7,7A, 7B and 7C.
(7) Under an order for distribution filed August 12,1946, the County Treasurer was paid $36.71 for taxes on parcels 7,7A, 7B and 7C.
(8) Under an order for distribution filed.November 29, 1945, the City of Euclid was paid the following for special ■assessments:
Parcel 2-$3,480.96
Parcel 3- 1,811.30
Parcel 4- 209.95
Parcel 5_ 431.91
Parcel 6_ 145.91
Parcel 7- 266.56
Parcel 8_ 507.74
$6,854.33
*444 7. Although a special assessment was a lien for the full, amount of the assessment when made, it was payable in annual installments over a period of years. The County officials could charge on the tax duplicates and collect only the annual installments as they became due. Under Ohio law,, however, the political subdivision, here the City of Euclid,, could accept payments of annual installments not yet due. The political subdivision notified the county auditor of such payments and the future installments were then canceled.[1] Payments to the City of Euclid in Civil Case No. 21234 were accepted by the City of Euclid and the County under this-procedure. Installments for the tax years 1945 and thereafter on Parcels 2, 3, 5 and others were paid directly to the City of Euclid and, therefore, canceled on the Auditor’s Assessment records and never charged to the tax duplicate. The County makes no claim for the installments payable in 1945 and subsequent years on parcels 2 and 3, because those installments were paid to the City of Euclid.
8. On June 1, 1939, the County Auditor issued a delinquent land tax certificate covering the DeFranco property,, which later became parcel 2 in Civil Case No. 21234. On September 22,1939, the County Prosecutor filed an action in the Court of Common Pleas of Cuyahoga County on behalf of the County Treasurer to foreclose on the DeFranco property for non-payment of delinquent taxes. A journal entry of foreclosure was filed on October 13, 1941. No further action has been taken in that case and it is still pending in the' Court of Common Pleas.
9. In June 1942, shortly after the filing of the petition and the declaration of taking in Civil Case No. 21234, Mr. Frank M. Brennan, Chief Deputy County Treasurer of' Cuyahoga County, now the Treasurer and the plaintiff in this action, was aware of the legal description of the entire *445 area acquired by the Government, and the parcels included in the case. He also knew the individuals who owned each parcel of land and the amount of taxes due on each parcel. In 1942, Mr. Brennan knew that the County had not been joined as a party in Civil Case No. 21234 and he notified Mr. Balph W. Edwards, Chief Assistant Prosecuting Attorney, for the purpose of asserting the County’s claim. The first statement of the county’s complete claim was in a letter dated July 1, 1952, from Assistant Prosecuting Attorney Smolka to Special Assistant United States Attorney O’Neil. Mr. Brennan expected that taxes would be paid to the county out of the funds on deposit in the registry of the court, but he did not check the court records to determine whether the funds on deposit were sufficient to pay the amounts claimed by the county.
10. Mr. Balph W. Edwards was the Chief Assistant Prosecuting Attorney of Cuyahoga County from 1942 until about 1950 in charge of the Civil Division of the County Prosecutor’s office. He was responsible for representing the county in condemnation actions. In 1942, Mr. Edwards knew that the county had claims for taxes on the parcels included in Civil Case No. 21234 and that the county had not been joined as a party. On June 14, 1945, an order was entered in Civil Case No. 21234 with respect to eight parcels of land, including parcels 2 and 3, which provided:
THEBEFOBE, IT IS OBDEBED, ADJUDGED AND DECBEED that said land, * * * are exempt from all taxes, assessment, penalties or process levied after the year 1942 and for as long as title to said land shall be retained by the United States of America and the use of said land shall serve a public benefit, and that any and all taxes, assessments and penalties levied by the taxing authorities of Cuyahoga County, Ohio, after the year 1942 are null and void and held for nought and the taxing authorities of Cuyahoga County, Ohio, are forever barred from collecting same. . ■
(s) B. N. Wilkin,
. . United States District Judqe.
Approved:
(s) A. F. O’Neil,

Special Assistant U. S. Attorney.

(s) Frank T. Cullitan,
Prosecuting Attorney by B. W. Edwards, Attorney.
*446 R. W. Edwards whose signature appears on the order is the same person as Ralph W. Edwards.
11. Mr. Julius J. Badzik is an Assistant Prosecuting Attorney of Cuyahoga County. From May 1943 until 1946 he was assigned the responsibility of collecting the delinquent taxes on the Fertig property, which is parcel 3 in Civil Case No. 21234. The collection of those taxes had been pending in the County Prosecutor’s office since 1939 or earlier, but no action was ever filed to foreclose on the property. Mr. Badzik’s efforts to effect collection consisted of several telephone conversations with an attorney for the former owners in 1944 and 1945, a telephone conversation with one of the former owners in 1944 and several letters written to Mr. O’Neil in 1946. In May 1945, he was informed that the case would be tried. By letter dated February 18, 1946, Mr. O’Neil told Mr. Badzik that the case was on the March trial list and went on to say, “The amount which is on deposit in court now is not enough to pay all the delinquent taxes and it may be that the jury verdict will be in an amount which will completely cover all taxes.” Mr. Badzik never examined the court records in Civil Case No. 21234 to ascertain what amount had been deposited as estimated just compensation. After he knew from the letter of February 18,1946, from O’Neil, that the amount on deposit was insufficient to pay the county’s claim, he took no action to assert the claim in Civil Case No. 21234. In his subsequent letters in 1946, he merely inquired as to whether the case had been tried and about the amount which had been awarded. The last report he received from Mr. O’Neil, on November 13, 1946, was: “As soon as the issues have been resolved you will be advised of the outcome.” Thereafter, the collection of delinquent taxes on parcel 3 was transferred from Mr. Badzik to Mr. John F. Smolka.
12. Mr. John F. Smolka is an Assistant Prosecuting Attorney of Cuyahoga County. Beginning in May 1943, he was assigned the responsibility of collecting the delinquent taxes on the DeFranco property, which is parcel 2 in Civil Case No. 21234. Between 1944 and 1948, Mr. Smolka had conversations with and wrote letters to Mr. O’Neil concerning taxes. Soon after the collection of taxes on parcel 2 was *447 assigned to Mr. Smolka, he was informed of the pendency of Civil Case No. 21234. He knew that in a condemnation action, the United States pays only the market value of the land, even though there are liens on the land which exceed that value. Although Mr. Smolka never examined the court records in Civil Case No.'21234, he knew on November 3, 1945, that the United States had deposited $21,450 as estimated just compensation for parcel 2. At that time, Ms own records showed that the property had been foreclosed in 1941 for nonpayment of taxes in the sum of $28,446.52. On November 28, 1945, he was advised specifically by Mr. O’Neil that the amount on deposit was insufficient to pay the County’s claim on parcel 2 and on other parcels, and Mr. Smolka called this to the attention of Mr. Ralph W. Edwards, Chief Assistant Prosecuting Attorney. On February 18, 1946, Mr. O’Neil told Mr. Smolka that the case was on the March trial list and stated further that “The amount which is on deposit in court now is not enough to pay all the delinquent taxes and it may be that the jury verdict will be in an amount which will completely cover all taxes.” Mr. Smolka took no action to assert the County’s claim in Civil Case No. 21234 at that time or thereafter.
13. By stipulation dated December 6, 1947, the United States and the former owners of parcel 2 stipulated “that the sum of Thirty Thousand dollars and no cents ($30,000.00), inclusive of interest, shall be in full satisfaction of and just compensation for the taking by the United States of America” of parcel 2. The stipulation also provided:
It is further stipulated and agreed by and between the parties hereto that the sum of Thirty thousand dollars and no cents ($30,000.00), shall be subject to all liens, encumbrances and charges of whatsoever nature existing at the time of the taking of the said land and that any and all awards of just compensation ascertained and awarded in this proceeding and established by judgment herein to any and all parties now or subsequently named as defendants herein, shall be payable and deductible from the said sum, * * *
By stipulations dated December 19,1947, and January 17, 1948, the United States and the former owners of parcel 3 stipulated “that the sum of Twenty Thousand dollars and *448 no cents ($20,000.00), inclusive of interest, shall be in full satisfaction of and just compensation for the taking by the United States of America” of parcel 3. These stipulations contained the same paragraph as the one quoted immediately above, except that the amount stated was $20,000.
On February 16, 1948, pursuant to the stipulations, final judgments were entered in Civil Case No. 21234 determining that just compensation for parcel 2 was $30,000 and just compensation for parcel 3 was $20,000. On April 8, 1948, on application of the United States, orders for distribution were entered under which the former owners of parcel 2 were paid $26,519.04 ($30,000, less $3,480.96 previously paid to the City of Euclid) and the former owners of parcel 3 were paid $18,188.70 ($20,000, less $1,811.30 previously paid to the City of Euclid).
14. After the payments from the funds on deposit in the registry of the court made under the orders for distribution of April 8, 1948, all funds in the registry available for payments in connection with parcels 2 and 3 were exhausted.
15. Within a month after April 8,1948, the Chief Deputy County Treasurer knew of the payments made under the orders for distribution and he informed the Chief Assistant Prosecuting Attorney, Ealph W. Edwards.
16. There is no evidence that any county official ever made any demand upon the former owners of parcels 2, 3 and 5 for payment from the amounts they received and there is no evidence that any comity official ever made any effort to ascertain whether a demand would result in payment to the county.
When the present action was filed, it included a claim by the comity for unpaid taxes on parcel 5. The United States Attorney made a written demand upon the former owners of parcel 5 that they pay to the County Treasurer the amount of the general taxes and special assessments due at the time the declaration of taking was filed. This demand resulted in payment to the County Treasurer of $413.19, the amount claimed to be due.
17. The plaintiff, Treasurer of Cuyahoga County, Ohio, has agreed that the values of parcels 2 and 3 are the amounts stated in the stipulations between the United States and the former owners.
*449 18. It is not established that Mr. O’Neil had authority by virtue of his office or was otherwise authorized to make any commitment to, or enter into any arrangement with, any county official binding the United States with respect to payment of taxes to the county. The contemporary documentary evidence does not show that Mr. O’Neil made any commitment to, or entered into any arrangement with, any county official with respect to payment of delinquent taxes.
19. A housing project, known as Lake Shore Village, was constructed by the United States on the land acquired in Civil Case No. 21234. It included 800 units, the first of which was completed in August 1943 and all were completed by the end of June 1944.
20. On November 13 and 14, 1947, Mr. William O. Chatterton, an attorney from the Department of Justice in Washington, and Mr. Victor M. Todia, an attorney representing the former owners of parcels 1, 2, 3 and 4 in Civil Case No. 21234, negotiated for a settlement of the amount to be paid by the United States as just compensation for the four parcels. Mr. Chatterton informed Mr. Todia that he would recommend a settlement in the amount of $65,000, inclusive of interest, for the taking of the fee simple title to the four parcels. On November 14, 1947, Mr. Todia informed Mr. Chatterton that his clients would accept this offer of settlement. The regulations of the Department of Justice provided that only the Attorney General could accept a settlement on behalf of the United States. By memorandum dated November 17, 1947, the proposed settlement was submitted to the Attorney General and it was accepted by him on November 18,1947.
21. The allocation of the amount to be awarded as just compensation for each of the four parcels from the total settlement of $65,000 was left to the former owners. These amounts were furnished to Mr. Chatterton by Mr. Todia as follows:
$11,000 for parcel 1, $30,000 for parcel 2, $20,000 for parcel 3 and $4,000 for parcel 4.
22. The terms of the settlement as to each parcel were embodied in an approved form of stipulation used by the United *450 States in fee taking cases. The stipulation as to parcel 2 provided:
COME NOW Ermino DeFranco, Antonio DeFranco and Mary Marino defendant (s) herein and hereby enter their appearances generally in this proceeding and hereby waive service of summons and any and all other process and notice in this proceeding and hereby waive all right to a hearing or trial on the issue of just compem sation, and
IT IS STIPULATED and agreed by and between the said parties hereto that the sum of THIRTY THOUSAND dollars and No cents ($¡50,000.00), inclusive of interest, shall be in full satisfaction of and just compensation for the taking by the United States ox America of (Parcel) No. 2 as described in the Petition in Condemnation, Declaration of Taking, and Decree on Declaration of Taking, together with and including all buildings and improvements thereon and all appurtenances thereunto belonging, and
IT IS FURTHER STIPULATED and agreed by and between the parties hereto that the sum of THIRTY THOUSAND dollars and No cents ($30,000.00), shall be subject to all liens, encumbrances and charges of whatsoever nature existing at the time of the. taking of the said land and that any and all awards of just compensation ascertained and awarded in this proceeding and established by judgment herein to any and all parties now or subsequently named as defendants herein, shall be payable and deductible from the said sum, * * *
This stipulation was dated December 6, 1947, signed by A. F. O’Neil for the United States and by the former owners, Ermino DeFranco, Antonio DeFranco and Mary Marino. It was filed in Civil Case No. 21234 on February 16,1948.
Identical stipulations, except as to amounts, the names of the former owners and the parcel numbers, were executed and filed as to parcels 1, 3 and 4. There were two stipulations as to parcel 3. The first was signed by Florence F. Fertig and Julia C. DeFranco, and had their names in the first paragraph and the amount of $20,000 in the second and third paragraphs.
This stipulation was dated December 19,1947, and filed in Civil Case No. 21234 on February 16, 1948. The second stipulation as to parcel 3 was signed by Florence F. Fertig,, Administratrix of the Estates of Frank M. Fertig, deceased* *451 and M. Freda Fertig, deceased, bad ber name and tbe same designation in tbe first paragraph and tbe amount of $20,-000 in tbe second and third paragraphs. This stipulation was signed January 17, 1948, and filed in Civil Case No. 21234 on February 16, 1948, Tbe stipulation as to parcel 1 was dated December 30, 1947, and filed February 16, 1948. Tbe stipulation as to parcel 4 was dated November 22,1947, and filed December 1,1947.
23. During the negotiations for settlement between Mr. Chatterton and Mr. Todia tbe fact that delinquent taxes were outstanding was discussed and Mr. Todia was informed that tbe taxes would have to be paid before he would get a check covering tbe settlement. The former owners of parcels 2 and 3 knew that delinquent taxes were outstanding when they signed the stipulations but they all testified that the amounts named were to be the net amount to them; otherwise they would never have agreed to these amounts which were less than outstanding tax liens against the property.
24. On February 16,1948, a final judgment was entered in Civil Case No. 21234 as to parcel 2 as follows:
This matter now coming on for hearing at this term of Court, and it appearing to the Court that the petitioner, the United States of America, has filed in this proceeding a Declaration of Taking (No. 1) covering lands in Cuyahoga County, Ohio, and deposited into the Registry of the Court the sum of $73,516.00 as estimated just compensation therefor, and that the title to said land was on the. 23rd day of April, 1942, indefeasibly vested in the petitioner in fee simple absolute; that included in the land so taken is (Parcel]) 2, described in the Petition in Condemnation, Declaration of Taking (No. 1) and Decree on Declaration of Taking (No. 1), for which estimated compensation in the sum of $21,450.00 was included in said deposit, as stated in the said Declaration of Taking (No. 1) ; and
That all persons owning or otherwise interested in said parcel of land have stipulated and agreed that the sum of $30,000.00, without interest, is the just compensation to be paid for the taking of said parcel of land;
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the sum of Thirty Thousand Dollars and No Cents ($30,000.00) is the full, adequate and just compensation for (Parcel) 2, included in the *452 lands taken by Declaration of Taking and sought to be condemned in this proceeding; and that title to said (parcel) of land is vested in the United States of America and divested out of all other persons; and, the deposit in Court being $21,450.00:
_ IT IS FURTHER ORDERED that a deficiency judgment in the sum of 8,550 Dollars and 00 Cents ($8,550.00), be entered in favor of the defendants and against the petitioner, United States of America; and That this proceeding be and the same is hereby retained for the further orders of this Court.
On the same day a final judgment was entered in Civil Case No. 21234 as to parcel 3 as follows :
This matter now coming on for hearing at this term of Court, and it appearing to the Court that the petitioner, the United States of America, has filed in this proceeding a Declaration of Taking (No. 1) covering lands in Cuyahoga County, Ohio, and deposited into the Registry of the Court the sum of $73,516.00 as estimated just compensation therefor, and that the title to said land was on the 23rd day of April, 1942, indefeasibly vested in the petitioner in fee simple absolute; that included in the land so taken is (Parcel) 3, described in the Petition in Condemnation, Declaration of Taking (No. 1) and Decree on Declaration of Taking (No. 1), for which estimated compensation in the sum of $13,4-50.00 was included in said deposit, as stated in the said Declaration of Taking (No. 1) ; and
That all persons owning or otherwise interested in said parcel of land have stipulated and agreed that the sum of $20,000.00, without interest, is the just compensation to be paid for the taking of said parcel of land;
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the sum of Twenty Thousand Dollars and No cents ($20,000.00) is tire full, adequate and just compensation for (Parcel) 3, included in the lands taken by Declaration of Taking and sought to be condemned in this proceeding; and that title to said (parcel) of land is vested in the United States of America and divested out of all other persons; and, the deposit in Court being $13,450.00:
IT IS FURTHER ORDERED that a deficiency judgment in the sum of 6,550 Dollars and 00 Cents ($6,-550.00), be entered in favor of the defendants and against the petitioner, United States of America; and That this proceeding be and the same is hereby retained for the further orders of this Court.
*453 25. On April 8,1948, an order for distribution was entered in Civil Case No. 21234 as to parcel 2 as follows:
This cause came on to be heard upon the application of the United States of America, petitioner herein, and it being shown to the Court that the right to the full fee simple title in and to Parcel 2 is now vested of record in the United States of America;
That by virtue of a stipulation and final judgment thereon, on file in this court, the agreed compensation for the taking of said Parcel 2 is the sum of $30,000.00 which has theretofore been deposited into the registry of this court;
That by virtue of a previous order of distribution the sum of $3,480.96 has been distributed from said funds, leaving on deposit the sum of $26,519.04 which should now be distributed to the persons entitled thereto.
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Clerk of this Court be and he is hereby authorized to issue a check in the sum of $26,519.04 to Ermino DeFranco, Antonio DeFranco and Mary Marino, c/o Attorneys Todia, Gordon and Sweeney, Terminal Tower Building, Cleveland, Ohio.
On the same day an order of distribution was entered in Civil Case No. 21234 as to parcel 3 as follows:
This cause came on to be heard upon the application of the United States of America, petitioner herein, and it being shown to the Court that the right to the full fee simple title in and to Parcel 3 is now vested of record in the United States of America;
That by virtue of a stipulation and final judgment thereon, on file in this court, the agreed compensation for the taking of said Parcel 3 is the sum of $20,000.00 which has heretofore been deposited into the Registry of this Court;
That by virtue of a previous order of distribution the sum of $1,811.30 has been disbursed from said funds, leaving on deposit the sum of $18,188.70 which should now be distributed to the persons entitled thereto.
THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the Clerk of this Court be and he is hereby authorized to issue a check in the sum of $18,188.70 to Florence F. Fertig, individually and as Ad-ministratrix of the Estates of Frank M. Fertig, deceased and M. Freda Fertig, deceased and to Julia C. DeFranco, % Attorneys Todia, Sweeney and Gordon, Terminal Tower Building, Cleveland, Ohio.
*454 Payments were made by the clerk of the court in accordance with these orders.
26. Mary Marino is deceased and Anthony O. DeFranco was appointed executor of her will on January 28, 1953, in Docket 486, Number 477749, Probate Court of Cuyahoga County.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is not entitled to recover, and the petition is therefore dismissed.

 Page’s Ohio General Code, section 5677: “The taxing authority of any political subdivision which has levied or shall hereafter levy any special assessment or reassessment payable in installments over a period of more than one year, may * * * accept payment in cash of all of the installments of such assessements or reassessment charged against any lot or parcel of land and' not due * * *.”
Section 5677-1: “If such installments have been certified to the county auditor for collection, the fiscal officer of the subdivision shall, upon the payment of such installments, certify the fact of such payment to said county auditor, who shall thereupon cancel such installments upon his records.”